[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action based upon a written lease-contract entered into between the plaintiff and the defendants wherein the plaintiff as lessor of automobiles by its written lease dated July 9, 1985 leased to the defendants and the defendants jointly and severally promised to pay 48 monthly installments of $284. plus property taxes for the lease of a Saab automobile. During the term of the lease, early on, the automobile was stolen and subsequently returned to the defendants in a damaged condition. The defendants had the car repaired but stopped making payments on the lease for a substantial period of time. Ultimately they turned the car back to the plaintiff lessor in lieu of repossession, having been in substantial default in payment of the contract.
The defendant claims that someone from the plaintiff make a side agreement with them that they would turn the car back in and only pay 4 payments and be released from the contract. The plaintiff acting through its present president denies any such arrangement, and the evidence is insufficient not only to establish that any modification took place, but the court notes that paragraph 22 of the CT Page 1186 underlying agreement between the parties provides that the written lease shall be the entire agreement of the parties . . . . and may not be modified, abandoned or discharged, except by a further agreement in writing signed by the lessor and the lessee. . . .".
Further in connection with repairs alleged to have been done by the plaintiff at the request of and paid for by the insurance carrier of the defendant, this court is not satisfied by a fair preponderance that the damage claimed to the automobile at the time it was turned in had not been the subject of earlier repairs which had been paid for by the defendant.
The evidence establishes that under the contract there remained unpaid payments in the amount of $6,271.33 up to the time the automobile was turned in and $1,526.50 in payments that remain due through the final term of the lease or a total of $7,797.83. In addition under the terms of the written agreement the defendants are obligated to pay reasonable attorneys fees to the plaintiff in connection with an action to collect under this contract and the court awards to the plaintiff $1,500. attorneys fees plus costs as may be taxed herein.
Judgment is entered in favor of the plaintiff as against the defendants in the amount of $9,297.83.
It is so ordered.
HIGGINS, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk